# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2020

Lyle W. Cayce
Clerk

LAIQ KHAN,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 159 340

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Laiq Khan, a native and citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to terminate his removal proceedings for lack of jurisdiction. That same order dismissed Khan's appeal of the immigration judge's (IJ) denial of request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In this court, Khan argues only the jurisdictional issue, and he has thus waived any

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60059

challenge to the BIA's decision regarding his requests for asylum, withholding of removal, and CAT relief.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Regarding jurisdiction, Khan cites *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and contends that the notice to appear (NTA) which initiated his removal proceedings was defective, thereby depriving the immigration court of jurisdiction, because it did not state the date and time of his removal proceedings.  Our court, however, has rejected this jurisdictional challenge and determined *Pereira* is limited to the context of the stop-time rule in removal proceedings.  *See Martinez-Lopez v. Barr*, 943 F.3d 766, 769-70 (5th Cir. 2019); *Pierre-Paul v. Barr*, 930 F.3d 684, 688-90 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779).  Khan's NTA was not defective because it detailed the nature of the removal proceedings, stated its legal basis, and warned about the possibility of in absentia removal; any alleged defect, moreover, would have been cured because Khan was issued later notices of hearing that included the date and time of his removal proceedings.  *See Martinez-Lopez*, 943 F.3d at 770; *Pierre-Paul*, 930 F.3d at 690-91.

Accordingly, Khan's petition for review is DENIED.